**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------x
**LEHAVRE OWNERS CORP.,**

                              **Plaintiff,**

      -against-

**MARK SALADINO,**

                              **Defendant.**
-------------------------------------------------------------------------x

Case No.:

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff LeHavre Owners Corp. ("LeHavre" or "Plaintiff") by its attorneys, Milman Labuda Law Group PLLC, as and for its Complaint against Defendant Mark Saladino ("Saladino" or "Defendant") allege as follows:

## NATURE OF ACTION

1. Plaintiff has been required to file this action to right the wrongs caused by the offensive and defamatory portrayal of Plaintiff as engaged in an illegal kickback scheme to award contracts for building services to favored vendors and for diverting Plaintiff's assets for the personal use of a member of its Board of Directors.

2. Plaintiff brings this action for defamation *per se* against Saladino.

## JURISDICTION AND VENUE

3. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 since the controversy involves citizens of New York (Plaintiff) and Florida (Defendant) and the value of the amount in controversy exceeds $75,000, exclusive of attorney' fees, costs and interest.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2). At all times material hereto, Plaintiff has operated, conducted, engaged in, and/or carried on a business or business venture in this state. There is the requisite nexus between the

business and this action and Defendant engaged in substantial and not isolated activity within New York. At all times material hereto, a substantial portion of the events giving rise to this action arose in this judicial district.

## PARTIES

5. Plaintiff is a cooperative association ("Le Havre Co-Op"). Its principal place of operation is located at 168-68 9th Avenue, Beechhurst, New York 11357.

6. Plaintiff has a 10-member Board of Directors established by and through the bylaws of Plaintiff for which it has delegated management of its operation.

7. Stanley Greenberg is an owner of a co-op at Plaintiff and is also a member of the Board of Directors. Greenberg is a certified public accountant.

8. The Board is authorized to commence this action on its behalf.

9. Saladino is a natural person who resides at 3140 S Ocean Dr, Apt 1104, Hallandale Beach, FL 33009-7238.

## FACTS

10. Aniellio Invitto (a/k/a Aniello Santoli) ("Invitto") and Jessica Rose ("Rose") are listed as administrators of a Facebook page wherein Plaintiff's shareholders and others can post comments regarding Plaintiff's operation, Board of Director members and other related matters.

11. Invitto and Rose established and maintain this Facebook page because they both reside at Plaintiff.

12. Upon information and belief, The Facebook page has over 200 members, whom, upon information and belief, all reside at Plaintiff.

13. All posts, comments, photos, videos, reactions, and any other form of communication made through this Facebook page relate to Le Havre Co-Op and its residences of its condominium units located at 168-68 9th Avenue, Beechhurst, New York 11357.

14. In or about the beginning of September 2020 the Facebook page comments, in part, related to an upcoming Board of Directors election.

15. The comments included statements about alleged deficient building services such as security measures and also alleged defective premises issues such as walkways and painting.

16. Defendant Saladino intentionally and maliciously with reckless disregard of the truth posted the following false comment of criminality about Plaintiff on the Facebook page that was established by Invitto and Rose and maintained by them from their residence at Plaintiff's location in Queens, New York:

> Management gets a percentage of any construction job contracted, kickbacks can be addictive.

17. The false statement was published recklessly because Defendant Saladino did not undertake any effort to determine the truth of the statement.

18. Plaintiff and its agents, including its Board of Directors and property manager, have not and do not receive a "kickback" or a "percentage" of any contract that Plaintiff enters into with a vendor.

19. Saladino's defamatory statements accuse Plaintiff and its agents, including its Board of Directors and property manager, of criminal conduct and constitute defamation per se.

20. Under New York Penal Law § 180.05 an "employee, agent or fiduciary is guilty of commercial bribe receiving in the second degree when, without the consent of his employer or principal, he solicits, accepts or agrees to accept any benefit from another person upon an

3

agreement or understanding that such benefit will influence his conduct in relation to his employer's or principal's affairs."

21. Commercial bribe receiving in the second degree is a class A misdemeanor.

22. Saladino's reckless false statement was viewable by all members of the Facebook page whom reside at Plaintiff's location in Queens, New York

23. In addition, honest services fraud is a crime defined in 18 USC § 1346, which states "the term scheme or artifice to defraud includes a scheme or artifice to deprive another of the intangible right of honest services." 18 USC §1346 criminalizes kickback schemes. Defendant Saladino's comment also attributes criminal conduct to Plaintiff under 18 USC § 1346.

24. Board members are fiduciaries and agents of Plaintiff. Defendant Saladino has falsely accused a member of Plaintiff's Board of Directors of bribing vendors with lucrative contracts in exchange for the vendor kicking back to Plaintiff a percentage of the payment the vendor received from Plaintiff for performance under the contract awarded through the bribe. The false statement of criminality has injured Plaintiff, including, but not limited to, its reputation.

25. On September 14, 2020, Plaintiff, through its counsel, sent a written cease and desist letter to Invitto demanding that the false accusation of kickbacks was defamatory and needed to be immediately taken down.

26. As a result of Defendant's conduct, Plaintiff suffered at least $1,000,000.00 in damages.

### AS AND FOR A FIRST CLAIM FOR RELIEF

*Defamation per se*

27. Plaintiff repeats and realleges each of the allegations set forth above as if set forth in full.

28. Defendant Saladino defamed Plaintiff by maliciously, intentionally and with reckless disregard for the truth stated as fact that Plaintiff, including its Board of Directors and property manager, receive kickbacks in exchange for awarding contracts to vendors for work at LeHavre in violation of the New York Penal Law, as well as honest services fraud under the United States Code.

29. Defendant Saladino's defamatory statement was published to third-parties on the Facebook page that includes over 200 members.

30. Defendant Saladino did not contact Plaintiff, its Board of Directors or its property manager to determine the truth of the defamatory statement and thus the posting of the comment was done either with knowledge of its falsity or with reckless disregard of its falsity.

31. As a direct result of this false statement, Plaintiff has been damaged in an amount to be determined by this Court but no less than $1,000,000.00.

**WHEREFORE**, by reason of the foregoing, Plaintiff prays for a judgment against Defendant as follows:

a) On the First Cause of Action, damages in an amount to be determined at trial but no less than $1,000,000.00 including attorney's fees, costs and interests;

b) To the extent the defamatory statement is still posted, an order requiring the removal of the defamatory comments;

c) For such other and further relief as this court deems just and proper.

**Plaintiff demands a trial by jury of the within action of all issues so triable.**

Dated: Lake Success, New York
     Dated: December 3, 2020

                                                **MILMAN LABUDA LAW GROUP, PLLC**
                                                *Attorneys for Plaintiff*

        /s/
      Joseph M. Labuda, Esq.
      3000 Marcus Avenue, Suite 3W8
      Lake Success, New York 11042
      Tel. (516) 328-8899
      joe@mllaborlaw.com